IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02728-GPG

ALLEN BERGERUD,

    Applicant,

v.

JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DRAWING CASE

---

Applicant, Allen Bergerud, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Bergerud initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Weld County District Court case number 02CR2457.

On November 5, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On November 17, 2104, Respondents filed a Pre-Answer Response (ECF No. 12). Mr. Bergerud filed a Reply (ECF No. 13) on November 26, 2014.

I. Background

After his first trial ended in a hung jury, Mr. Bergerud was convicted of one count of first degree murder, one count of second degree murder, and two counts of first degree assault on a peace officer after his second jury trial. (*See* ECF No. 12-3 at 1-3.) He was sentenced to life imprisonment without parole. (ECF No. 1 at 2.) On direct appeal, Mr. Bergerud argued that the trial court violated his right to counsel and to due process when it dismissed his counsel from the case, without providing substitute counsel, even though Mr. Bergerud requested counsel. (*See* ECF No. 12-2 at 24-29.) Mr. Bergerud also argued that when trial counsel imposed a guilt-based defense against his wishes in voir dire and opening statements, counsel created a conflict of interest that warranted removal of counsel and appointment of new counsel. (*Id.* at 30-40.) The Colorado Court of Appeals agreed finding that Mr. Bergerud had a "fundamental" constitutional right to insist that his counsel present an "innocence-based defense," vacated his conviction, and ordered that he be given a new trial. (*See* ECF No. 12-3 at 3-7.)

The Colorado Supreme Court reversed that decision and remanded the case to the trial court to hold a hearing and make findings of fact on three issues. (*See* ECF No. 12-7 at 2, 14-15.) First, the trial court needed to determine whether Mr. Bergerud himself was responsible for not bringing the dispute between himself and his counsel to the trial court's attention earlier than he did. (*Id*. at 14.)

> If Bergerud should have known the dispute remained unresolved and failed to bring the conflict to the attention of the [trial] court earlier despite opportunity to do so, then he was not entitled to substitute counsel and no further inquiry will be required.

2

(*Id*.)

Second, "[i]n the event the trial court concludes that Bergerud's lawyers stifled his attempts to bring the matter to the court's attention, or that Bergerud reasonably believed—based on communications with his lawyers—that the conflict had been resolved, then the [trial] court must further consider the extent to which his lawyers' actions abrogated Bergerud's other trial rights." (*Id*.) As to this issue,

> the trial court must determine whether Bergerud's attorneys contradicted or contravened the [trial] court's advisements concerning Bergerud's right to testify. If . . . Bergerud's counsel indicated in their discussions with him that they would completely contradict his testimony were he to offer it, or that they would otherwise persist in wholly undermining the believability of his testimony through their presentation of evidence, then his lawyers impermissibly usurped his fundamental choice to testify.

(*Id.*)

Third, "[t]he trial court should also inquire as to the clarity and persistence with which Bergerud voiced his disagreement to his counsel in order to determine whether Bergerud substantially and unreasonably contributed to the disagreement with his attorneys . . . ." (*Id*.)

> If . . . Bergerud was as unwavering in his demands [that his counsel argue self-defense] as he contends, or if his attorneys understood the nature and degree of their disagreement with their client but nonetheless refused to investigate the self-defense theory or insisted on effectively nullifying Bergerud's wish to testify, then their actions impermissibly constrained Bergerud's trial rights and Bergerud was entitled to replacement counsel.

(*Id*. at 15.)

The Colorado Supreme Court concluded that Mr. Bergerud was not entitled to a

new trial if the trial court found either that:

- "Bergerud failed to make reasonable efforts to bring the conflict with his attorneys to the attention of the [trial] court at the earliest practicable time," or

- "Bergerud both meaningfully retained his right to testify and that his attorneys made reasonable investigations (or reasonable determinations not to investigate) regarding Bergerud's self-defense theory."

(*Id.*)

The trial court held the remand hearing and issued detailed findings of fact that determined that (1) Mr. Bergerud was primarily responsible for the delay in advising the trial court of his conflict with trial counsel on the theory of defense; (2) trial counsel "fully and appropriately investigated" whether self-defense was a viable defense; and (3) Mr. Bergerud's constitutional right to testify was not inappropriately comprised by trial counsel's pursuit of a mental state defense. (*See* ECF No. 12-9 at 2, 7; *see also* ECF No. 1-1 at 38-42.) The trial court, therefore, concluded that Mr. Bergerud was not entitled to substitute counsel or a new trial. (ECF No. 12-9 at 7-8; ECF No. 1-1 at 42.)

On appeal, the Colorado Court of Appeals affirmed, holding that the trial court followed the Colorado Supreme Court's remand instructions, and that the appellate record supported its findings of fact and conclusions of law. (*See* ECF No. 12-9 at 8-12.) Mr. Bergerud filed for certiorari review with the Colorado Supreme Court, which was denied on April 29, 2013. (*See* ECF Nos. 12-10, 12-11.)

On July 26, 2013, Mr. Bergerud filed a petition for a writ of certiorari with the United States Supreme Court. (*See* ECF No. 13 at 4.) On October 15, 2013, the United States Supreme Court denied the petition. (*See id.* at 3; *see also Bergerud v.*

*Colorado,* No. 13-5615, 134 S. Ct. 426 (2013).)

On October 6, 2014, Mr. Bergerud filed his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  He raises the following two claims: (1) the Colorado Supreme Court erroneously found that he did not have a right to argue innocence; and (2) the Colorado Supreme Court's remand instructions were contrary to federal law.  (*See* ECF No. 1 at 5-18.)

In the Pre-Answer Response, Respondents concede that both claims are exhausted but argue that the Application is untimely.  In the Reply, Mr. Bergerud argues that the Application is timely because although Respondents recognize that Mr. Bergerud had a right to file a petition for certiorari with the United States Supreme Court, Respondents failed to acknowledge that Mr. Bergerud timely filed a petition for writ of certiorari with the Supreme Court.

II.  Analysis

The Court must construe liberally Mr. Bergerud's Application and Reply because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

    A.  Time Bar/28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d), the statute provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B)  the date on which the impediment to filing
>   an application created by State action in
>   violation of the Constitution or laws of the
>   United States is removed, if the applicant was
>   prevented from filing by such State action;
>
>   ©  the date on which the constitutional right
>   asserted was initially recognized by the
>   Supreme Court, if the right has been newly
>   recognized by the Supreme Court and made
>   retroactively applicable to cases on collateral
>   review; or
>
>   (D)  the date on which the factual predicate of
>   the claim or claims presented could have been
>   discovered through the exercise of due
>   diligence.
>
>   (2)  The time during which a properly filed application for
>   State post-conviction or other collateral review with respect
>   to the pertinent judgment or claim is pending shall not be
>   counted toward any period of limitation under this
>   subsection.

28 U.S.C. § 2244(d).

Respondents contend that the Application is untimely.  They argue that for purposes of 28 U.S.C. § 2244(d) Mr. Bergerud's conviction became final on July 28, 2013, ninety days after the Colorado Supreme Court denied his petition for a writ of certiorari in the direct appeal of his state criminal case.  They further contend that the limitations period ran unabated until it expired on July 28, 2104.  Respondents further assert that Mr. Bergerud did not file any state postconviction motions that would have tolled the running of the limitations period.  Therefore, the filing of his federal habeas application on October 6, 2014, was "some 70 days outside the limitation period of 28 U.S.C. § 2244(d)."

In the Reply, Mr. Bergerud asserts that Respondents failed to "give [him] credit for utilizing" his right to file a petition for a writ of certiorari with the United States Supreme Court in his direct appeal proceedings. He further asserts that he filed a timely petition on July 26, 2013 and attaches the letter from the Office of the Clerk of the Supreme Court of the United States acknowledging that a petition for a writ of certiorari was filed on July 26, 2013. He also alleges that the United States Supreme Court denied his petition on October 15, 2013, and again attaches the letter from the Office of the Clerk stating that the order denying his writ of certiorari was filed on October 15, 2013. Accordingly, he contends that his conviction was not final and the limitations period did not begin to run until October 15, 2013. Thus, he asserts that the October 6, 2014 filing of his Application in the instant action is timely under the statute.

This Court agrees with Mr. Bergerud that his conviction became final on October 15, 2013, the date the United States Supreme Court denied his petition for certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001). Accordingly, contrary to Respondents' argument, this Court finds that the Application filed on October 6, 2014 is timely under 28 U.S.C. § 2244(d).

B. State-Court Exhaustion

Respondents concede that Mr. Bergerud's two habeas claims are exhausted. The Court agrees that Mr. Bergerud appears to have exhausted his state court remedies with respect to both claims.

III.  Conclusion

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.1(b) and the above findings, the Court has determined that this case does not appear to be

appropriate for summary dismissal.  Therefore, the case will be drawn to a presiding judge and, if applicable, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1©.  Accordingly, it is

ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this 6th day of January, 2015.

BY THE COURT:

s/ Gordon P. Gallagher

_____
GORDON P. GALLAGHER
United States Magistrate Judge